UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN LEE SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-31 RLW |
| ) | |
| SCOTT COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff John Lee Simpson, an inmate at the Scott County Detention Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to provide the Court with a six-month account statement. Instead he has provided a "Detainee Transaction History" showing only a two-day period at the end of December 2017. It appears from the information in the complaint that plaintiff has been incarcerated at Scott County Detention Center since October of 2017. Plaintiff filed this action on February 6, 2018; thus, the Court is unable to ascertain his account balance during the months preceding the time this action was filed. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names the following individuals as defendants in this action: the Scott County Jail; Wes Drury; Paxton Ayres; Amy Johnson; Scott Mezo; and Vance Raines.

Plaintiff asserts that he arrived at the Scott County Detention Center in October of 2017. He claims that although he was detained on October 11, 2017, he didn't appear for an arraignment until October 26, 2017. He asserts that this violated his right to due process. Plaintiff alleges that on November 19, 2017, he filed "an ineffective assistance of counsel," as to why he had not seen him/her. Plaintiff states that he was told by an unnamed individual, "We don't call them, they will come when they want to. They do have a problem seeing people in a timely manner." Plaintiff has a notation on his complaint that this was "signed by Mezo."

Plaintiff states that he asked an unnamed person at the Detention Center sometime in mid-November 2017 to use the law library to do research on the crimes he had been charged

with. Plaintiff claims that he was told, "We have no books." Plaintiff claims he filed grievances but did not receive a response.

Plaintiff seeks injunctive relief and monetary damages.

**Discussion**

Plaintiff's claims against the Scott County Detention Center/Scott County Jail must be dismissed because it is not a suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). This defendant is a subdivision or a department of county government. As such, it is not a distinctly suable entity and plaintiff has failed to state a claim against it.

Plaintiff's claims against Sheriff Wes Drury, Jail Administrator Amy Johnson, Jail Security Director, Scott Mezo must be dismissed because plaintiff has not alleged that they have violated his constitutional rights. None of these defendants are mentioned in plaintiff's statement of claim. The only place in the complaint where they are referenced is on the caption page, with the exception of Mezo. As noted above, plaintiff attributes a statement relating to the lateness of the public defender's office to reply to their clients to defendant Scott Mezo. It is undisputed that Mezo is a Jail Security Officer, and thus, he has no ability to speak for the public defender's office and its representation of its clients. Thus, to the extent plaintiff is attempting to assert that Mezo had something to do with the alleged "ineffective assistance" of the public defender assigned to his criminal case, there is no causal connection alleged in this instance.

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Vicarious liability is inapplicable in § 1983 suits, meaning that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. As noted above, none of the allegations in plaintiff's statement of claim mentions defendants Drury, Johnson or Mezo. Accordingly, plaintiff has failed to demonstrate that Drury, Johnson or Mezo, through their individual actions, violated the plaintiff's constitutional rights.

To the extent that plaintiff is attempting to assert supervisory liability against Drury, Johnson or Mezo, due to their respective positions of authority, such claims also fail. "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, in order to maintain an action for training or supervisory liability, the plaintiff must show that the failure to train or supervise caused the injury. *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011). *See also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) ("[A] supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation"). The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). "A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018).

Plaintiff does not make any specific allegations against Drury, Johnson or Mezo. Simply listing them as defendants, and vaguely implying they hold supervisory positions, is not

sufficient to state a claim for supervisory liability. Instead, plaintiff is required to allege facts showing that the supervisor had notice of a pattern of unconstitutional acts committed by a subordinate, and was also deliberately indifferent to the subordinate's acts. Plaintiff has not done this. Accordingly, the claims against defendants Drury, Johnson and Mezo must be dismissed.

Similarly, plaintiff has failed to identify defendants Paxton Ayres and Vance Raines, and he has not linked these two individuals to a purported violation of his constitutional rights.[1] "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Ayres or Raines were directly involved in or personally responsible for any of the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Ayres and Raines.

Although plaintiff has not stated which defendant allegedly failed to provide him access to the law library, the Court will address his access to courts claim, nonetheless. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This does not mean, however, that there is an "abstract, freestanding right to a law library or legal

---

[1] To the extent one or more of these individuals is a public defender assigned to plaintiff in his criminal action, plaintiff's allegations against these individuals must be dismissed. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is not enough for a plaintiff to "merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Sabers v. Delano*, 100 F.3d 82, 84 (1996). Rather, an inmate must demonstrate that the alleged shortcomings of the library or legal assistance program hindered his or her efforts to pursue a legal claim. *Lewis*, 518 U.S. at 351.

To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in an actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim. *White v. Kautzky*, 494 F.3d 677, 680 (2007). For example, an inmate must show that a complaint they prepared was dismissed for technical reasons that a library's inadequacies prevented them from knowing, or that the inadequacy of a library prevented them from filing a complaint for an actionable harm. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Plaintiff alleges that he was denied access to the courts. However, the facts he has asserted are not sufficient to state such a claim. Plaintiff implies that the jail's library lacks law books. Nevertheless, he does not allege that the Jail lacks other means for the prisoners to research their legal claims. Moreover, it is not enough for plaintiff to simply allege a denial of access. Instead, he must demonstrate that he was hindered in pursuing a legal claim.[2] Plaintiff

---

[2]The Court has reviewed plaintiff's criminal actions on Missouri.Case.Net. It appears plaintiff was taken into custody in *State v. Simpson*, No. 17NM-CR0729 (34th Judicial Circuit, New Madrid County Court) for misdemeanor stealing. Although he appeared for his arraignment in custody on both September 28, 2017 and October 2, 2017, he eventually waived his right to counsel and was sentenced to a suspended execution of sentence ("SES") of one year incarceration in New Madrid County Jail. He was then placed on two years of unsupervised probation. On August 25, 2017, a grand jury indictment, and a warrant against plaintiff, for felony stealing was issued. *See State v. Simpson*, No. 17SO-CR01121 (33rd Judicial Circuit, Scott County Court). It was served on plaintiff on September 26, 2017, and he was taken into custody at Scott County Detention Center on October 11, 2017. Plaintiff was arraigned on October 26, 2017, by video conference from Scott County Jail. He was assigned counsel on November 1,

does not allege, for instance, that he was prevented from filing a complaint, or that something he had filed was dismissed on a technicality that he might have known had the law library been adequate. Accordingly, plaintiff's access to court claim must be dismissed.

Plaintiff next asserts that an unnamed defendant either did not follow the jail's grievance procedure or took too long processing his grievance or did not respond to his grievance at all. Unfortunately, this type of claim does not state a constitutional violation.

An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of his grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). Accordingly, plaintiff's claims relating to any unnamed defendants' failure to respond to a grievance are subject to dismissal.

---

2017. There is no set time for holding an arraignment in the State of Missouri. Supreme Court Rule of Missouri 24.01 simply states that an arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charges and calling on him to plead thereto. Plaintiff, of course, was served with the grand jury indictment at the time of his arrest on September 26, 2017. Plaintiff plead guilty to felony stealing on June 29, 2018, and he was given four years imprisonment in the Missouri Department of Corrections, along with a suspended execution of sentence ("SES") at that time. He is currently serving five years supervised probation with the Missouri Board of Probation and Parole.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of August, 2018.

                                                    RONNIE L. WHITE
                                                    UNITED STATES DISTRICT JUDGE